**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**AT LONDON**
**CRIMINAL ACTION NO. 10-16-GFVT**
**CIVIL ACTION NO. 16-47-GFVT**

**UNITED STATES OF AMERICA**                                            **PLAINTIFF**

**V.**

**NATHAN SLAGLE**                                                              **DEFENDANT**

**REPORT AND RECOMMENDATION**

Pending is defendant's motion for postconviction relief under 28 U.S.C. §2255. Doc. 50. Defendant contends he is entitled to relief due to application of *Johnson v. United States*, 135 S.Ct. 2551 (2015), which held that the residual clause of the Armed Career Criminal Act ("ACCA") was unconstitutionally vague. Because the residual clause is not implicated in this case, however, *Johnson* affords defendant no relief.

**I. Factual and Procedural History**

In November 2010, pursuant to his having pleaded guilty to one count of possession of a firearm by a convicted felon and one count of knowingly possessing stolen firearms, defendant was sentenced to a total of 180 months' imprisonment.[1] Doc. 30. That sentence was the mandatory minimum given the Court's conclusion—over defendant's objection--that defendant was a career criminal under the ACCA due to his prior state court burglary convictions.

---

1 Section eight of the plea agreement contains a clause waiving defendant's right to attack collaterally his sentence. Doc. 27, p. 5. Curiously, the United States briefly mentions the waiver clause in its response but did not argue for application of the waiver. Thus, the Court will not examine the applicability of that clause to defendant's motion. *Cf. Armstrong v. United States,* 107 Fed. Appx. 522, 523 (6th Cir. 2004) ("In the instant case, the government did not argue in its response that Armstrong's amendment was untimely. Thus, the district court's sua sponte dismissal on this basis constituted an impermissible curing of the government's waiver.").

Defendant filed an appeal contesting the usage of the state burglary convictions to establish his career offender status[2] but, utilizing the modified categorical approach whereby some state court documents are examined, in January 2012 the Sixth Circuit affirmed. Doc. 42. According to the Sixth Circuit's opinion,

> A "generic" burglary qualifies as a violent crime as defined by the ACCA, 18 U.S.C. § 924(e)(2)(B)(ii). *Taylor v. United States*, 495 U.S. 575, 599 (1990). The Supreme Court surmised that the reason the ACCA defines a "burglary" as a "violent felony" is likely because "Congress thought ordinary burglaries, as well as burglaries involving some element making them especially dangerous, presented a sufficiently 'serious potential risk' to count toward enhancement." *Id.* at 597.
>
> In considering Kentucky's third-degree burglary statute, Kentucky Revised Statutes [KRS] § 511.040, this court has concluded, albeit in an unpublished decision, that convictions under its terms do not automatically qualify as a "generic" burglary for purposes of the ACCA. *See United States v. McGovney*, 270 F. App'x 386, 389 (6th Cir. 2008) ("we cannot say, in the words of *Taylor*, that the state statute's definition of burglary has merely 'minor variations in terminology' in comparison to the Supreme Court's definition of generic burglary in that case." (quoting *Taylor*, 495 U.S. at 599)). Where a state's statutory definition is not limited to "generic" burglaries, the court should determine whether a defendant's convictions involved a "generic" burglary, that is, whether the crimes had "the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *Taylor*, 495 U.S. at 599-600; *Caruthers*, 458 F.3d at 474. Where the convictions resulted from guilty pleas, the court's inquiry is limited to charging documents, plea agreements and transcripts, and comparable judicial records. *Shepard v. United States*, 544 U.S. 13, 26 (2005); *Caruthers*, 458 F.3d at 474.
>
> Here, relevant state court records clearly show that Slagle has at least three previous burglary convictions that qualify as a "violent felony" pursuant to *Taylor* and *Shepard*. The charging documents and judgments of guilt that resulted from Slagle's guilty pleas to three third-degree burglary charges are attached to the presentence report in this case. In each case, Slagle was charged with unlawful entry into a building with intent to commit a crime, third-degree burglary, and in each case Slagle was convicted based on his guilty plea. Consequently, each of the three convictions qualifies as a "violent felony" under the ACCA regardless of whether Slagle's actual conduct "involve[d] the use or threat of force against a person." *Taylor*, 495 U.S. at 597. Accordingly, Slagle's contention on appeal lacks merit.

---

2 The Sixth Circuit's opinion makes no mention of defendant's having waived the right to appeal in his plea agreement.

2

*Id.* at p. 2-3.

Nothing relevant to the current proceedings then occurred until March 2016, when defendant filed the pending §2255 motion. Doc. 50. In its entirety, the only argument defendant raises in his §2255 motion is "[i]n light of Johnson V. United States . . . I was designated as a career criminal due to prior convictions for third degree burglaries of commercial buildings." *Id.* at p. 4. Because *Johnson* was recently issued, as well as the fact that the Court is required to construe pro se motions leniently, out of an abundance of caution the Court ordered the United States to respond. Doc. 52. The United States has now filed its response (doc. 53) and defendant has file a reply. Doc. 54. The matter therefore is ripe for adjudication.3

**II. Analysis**

18 U.S.C. §924(e)(1), the ACCA, provides in relevant part that "[i]n the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years . . . ." Subsection (e)(2)(B) of that statute defines "violent felony" in relevant part as "any crime punishable by imprisonment for a term exceeding one year . . . that . . . has as an element the use, attempted use, or threatened use of physical force against the person of another; or . . . is burglary, arson, or extortion, involves use of explosives,

---

3 The motion was filed over one year after defendant's sentence became final. However, it was filed within one year after *Johnson* was issued. The United States explicitly acknowledged in its response that the motion was filed timely. Doc. 53, p. 3 ("Because *Johnson* announced a new rule of constitutional law that is retroactively applicable to ACCA cases on collateral review . . ., and because petitioner filed his petition within a year of the date that *Johnson* was decided, his § 2255 claim is timely under 28 U.S.C. § 2255(f)(3).").

3

or otherwise involves conduct that presents a serious potential risk of physical injury to another . . . ."

The portion of the ACCA defining a violent felony as "otherwise involv[ing] conduct that presents a serious potential risk of physical injury to another" is known as the residual clause. *See Johnson*, 135 S.Ct. at 2556. The *Johnson* Court held that it was "convinced that the indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges. Increasing a defendant's sentence under the clause denies due process of law." *Id.* at 2557. However, the Court was careful to note that its decision affected only the constitutionality of the residual clause, not the remainder of the ACCA's definition of violent felony. *Id.* at 2563 ("We hold that imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process. Our contrary holdings in *James* and *Sykes* are overruled. Today's decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony.").

Turning to the case at hand, defendant was found to be a career criminal based on his state court burglary convictions. After examining state court records, this Court and the Sixth Circuit each concluded that defendant's state court offenses met the generic definition of burglary. *See* sentencing transcript (doc. 41, p. 8) ("The indictments and plea agreements that are related to Slagle's -- the defendant's burglary convictions, despite using this non-generic definition of burglary, admit the elements of that generic offense, and that's really the key."); Sixth Circuit opinion (doc. 42, p. 3) ("Here, relevant state court records clearly show that Slagle has at least three previous burglary convictions that qualify as a violent felony . . . . The charging

4

documents and judgments of guilt that resulted from Slagle's guilty pleas to three third-degree burglary charges are attached to the presentence report in this case. In each case, Slagle was charged with unlawful entry into a building with intent to commit a crime, third-degree burglary, and in each case Slagle was convicted based on his guilty plea. Consequently, each of the three convictions qualifies as a violent felony under the ACCA regardless of whether Slagle's actual conduct involve[d] the use or threat of force against a person." (quotation marks omitted)).  In other words, defendant was found to be a career offender due to application of the enumerated offense clause of the ACCA, not the residual clause.  Therefore, *Johnson*'s invalidation of the residual clause is irrelevant to defendant's proper sentence.  Because defendant's sole claim for relief is his erroneous assertion that he was entitled to relief pursuant to *Johnson*, the §2255 motion should be denied.[4]

---

[4] Defendant expounds on his terse initial §2255 motion in his reply brief by arguing (albeit with an incorrect citation) that a recent Fourth Circuit decision entitles him to relief.  Indeed, the Fourth Circuit case does discuss the Kentucky burglary statute and whether a conviction thereunder still qualifies as a violent felony in light of *Johnson*.  However, Fourth Circuit opinions are not binding on this Court and, moreover, the Fourth Circuit opinion only authorized a defendant to file a successive §2255 motion.  *See In re Hubbard*, 2016 WL 3181417 (4th Cir. June 16, 2016) ("Because application of Johnson to [18 U.S.C.] § 16(b) as incorporated into the Sentencing Guidelines might render the career-offender residual clause that was applicable at the time Hubbard was sentenced unconstitutional, and because the rule in Johnson is substantive with respect to its application to the Sentencing Guidelines and therefore applies retroactively, this Court grants Hubbard's request for authorization to file a successive § 2255 motion.").

In addition, shortly after briefing on defendant Slagle's §2255 motion concluded the Supreme Court issued an opinion in *Mathis v. United States*, 2016 WL 3434400 (June 23, 2016) which provides fresh guidance on when courts properly may examine state court documents to determine if a prior conviction is a violent felony under the ACCA (i.e., when the modified categorical approach may be utilized).  Arguably, *Mathis* may result in the Sixth Circuit needing to re-examine precedent holding that a trial court may use the modified categorical approach to determine whether Kentucky state court convictions for third-degree burglary are violent felonies under the ACCA.  However, *Mathis* has not been made retroactive and, consequently, affords defendant no habeas relief.

### III. Conclusion

For the foregoing reasons, **IT IS RECOMMENDED**:

Defendant Nathan Slagle's 28 U.S.C. §2255 motion (doc. 50) should be **denied**.

Particularized objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service or further appeal is waived. *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), aff'd, 474 U.S. 140, 155 (1985). A general objection that does not "specify the issues of contention" is not sufficient to satisfy the requirement of a written and specific objection. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)(citing *Howard v. Secretary of HHS*, 932 F.2d 505, 508-09 (6th Cir. 1991)).   Poorly drafted objections, general objections, or objections that require a judge's interpretation should be afforded no effect and are insufficient to preserve the right of appeal.  *Howard*, 932 F.2d at 509.  A party may respond to another party's objections within fourteen days of being served with a copy of those objections.  Fed. R. Civ. P. 72(b)(2).

This the 7th day of July, 2016.

Signed By:
**J. Gregory Wehrman**
United States Magistrate Judge