UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Civil No. 16-47-GFVT-JGW |
| Plaintiff/Respondent, | ) | Criminal No. 10-16-GFVT-JGW |
| | ) | |
| V. | ) | |
| | ) | **ORDER** |
| NATHAN SLAGLE, | ) | |
| | ) | |
| Defendant/Petitioner. | ) | |

*** *** *** ***

This matter is before the Court upon Petitioner Nathan Slagle's *pro se* petition to vacate or set aside his federal conviction under 28 U.S.C. § 2255. [R. 50.] Consistent with local practice, this matter was referred to Magistrate Judge J. Gregory Wehrman, who filed a Report and Recommendation on July 7, 2016, recommending that Mr. Slagle's motion be denied.

Under Federal Rule of Civil Procedure 72(b)(2), a petitioner has fourteen days after service to register any objections to the Report and Recommendation or else waive his rights to appeal. In order to receive *de novo* review by this Court, any objection to the recommended disposition must be specific. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). A specific objection "explain[s] and cite[s] specific portions of the report which [counsel] deem[s] problematic." *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007). A general objection that fails to identify specific factual or legal issues from the Recommendation, however, is not permitted, since it duplicates the Magistrate's efforts and wastes judicial economy. *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

Mr. Slagle filed timely objections to the Report and Recommendation. [R. 56.] These

objections appear less concerned with Judge Wehrman's Report and Recommendation and more concerned with restating the arguments previously made on appeal. However, as Slagle is proceeding *pro se*, the Court acknowledges its duty to review his filings under a more lenient standard than the one applied to attorneys. *See Franklin v. Rose*, 765 F.2d 82, 84-85 (6th Cir. 1985). Pursuant to that standard, the Court finds the objections do trigger this Court's obligation to conduct a *de novo* review. *See* 28 U.S.C. § 636(b)(1)(c). The Court has satisfied that duty and reviewed the entire record, as well as the relevant case law, statutory authority, and applicable procedural rules. After careful review, the Court will adopt the Magistrate's Report and Recommendation and deny Mr. Slagle's objections.

**I**

On April 16, 2010, a criminal complaint was filed against Mr. Nathan Slagle. [R. 1.] Subsequently, a Grand Jury returned an indictment against Mr. Slagle in open court. [R. 11.] The indictment charged Mr. Slagle with one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1), and one count of possession of stolen firearms in violation of 18 U.S.C. § 922(j). [*Id.*] Mr. Slagle waived his right to a trial by jury on the charges and instead entered a guilty plea as to both counts of the indictment. [*See* R. 24; R. 25.] At sentencing, the Court found that Mr. Slagle qualified as a career criminal under the Armed Career Criminal Act ("ACCA") because of his multiple prior state court burglary convictions. Accordingly, the Court sentenced Mr. Slagle to a 180-month term of incarceration, the mandatory minimum sentence under the ACCA. [*See* R. 29; R. 30.]

Subsequently, Mr. Slagle appealed his sentence to the Sixth Circuit and argued his prior state court convictions were insufficient to trigger the ACCA's mandatory minimum. On January 11, 2012, the Sixth Circuit affirmed Mr. Slagle's conviction, finding his previous

convictions qualified as "violent felonies" under the ACCA. [R. 42.]

Several years later, on March 11, 2016, Mr. Slagle filed the present 28 U.S.C. § 2255 petition. [R. 50.] Mr. Slagle's sole argument in his § 2255 motion states: "In light of Johnson V. United States . . . I was designated as a career criminal due to prior convictions for third degree burglaries of commercial buildings." [R. 50 at 4.] Magistrate Judge Wehrman ordered the Government to respond to Mr. Slagle's petition and carefully considered the potential applicability of *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551 (2015), to Mr. Slagle's conviction and sentence. Judge Wehrman ultimately determined that Mr. Slagle is not entitled to the relief sought, but Mr. Slagle objects to Judge Wehrman's recommendation. [*See* R. 55; R. 56.]

**II**

In his objections, Mr. Slagle reemphasizes his position that his prior state offenses should not be considered enumerated offenses under the Armed Career Criminal Act. He maintains his third-degree burglary convictions are insufficient to qualify as "generic" burglaries, and while he does not explicitly articulate this argument, the Court infers that Mr. Slagle wishes to argue that the prior convictions fall within the ACCA's residual clause instead, so that he might find relief under the *Johnson* decision. [*See* R. 56.] Unfortunately for Mr. Slagle, however, Magistrate Judge Wehrman correctly determined that *Johnson* is not applicable to his case.

At sentencing, Mr. Slagle was deemed a career criminal under the ACCA because of his prior felony convictions for Burglary in the Third Degree, KRS § 511.040. Mr. Slagle and defense counsel objected to the ACCA designation, arguing that the third degree burglary convictions did not involve any element of violence, threat of physical force, or injury to another. [*See* R. 32.] However, the Court found the prior convictions did qualify under the ACCA's

3

"violent felony" provision. The statute reads:

> In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years . . . .

18 U.S.C. § 924(e)(1). The statute goes on to define "violent felony" in relevant part as:

> any crime punishable by imprisonment for a term exceeding one year . . . that . . . has as an element the use, attempted use, or threatened physical force against the person of another; or . . . is *burglary*, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another . . .

18 U.S.C. § 924(e)(2)(B) (emphasis added). The Supreme Court has made clear that the crime of burglary as used in that statutory provision includes a "generic" or otherwise ordinary burglary conviction. *See Taylor v. United States*, 495 U.S. 575, 599 (1990).

While convictions under KRS § 511.040 for third-degree burglary do not automatically qualify as "generic" burglaries for purposes of the ACCA, the Sixth Circuit has already reviewed Mr. Slagle's prior convictions and found that his convictions do, indeed, fall within the ACCA definition of a "violent felony". The Sixth Circuit's decision, which is quoted at length in the Magistrate's Report and Recommendation, is clear. [*See* R. 55 at 2; *see also* R. 42.] The residual clause of the ACCA—the portion of the statute affected by *Johnson v. United States*—was not implicated in Mr. Slagle's case; instead, his prior convictions are covered by the enumerated offense section of the statute.

As a result, the *Johnson* decision affords Mr. Slagle no relief. Moreover, the Sixth Circuit has already upheld Slagle's career criminal designation because of his prior "violent felony" burglary convictions. After an examination of the entire record, the Court agrees with Magistrate Judge Wehrman's Report and Recommendation, and the Court declines to issue a

certificate of appealability. The Court determines that reasonable jurists would not find the denial of Mr. Slagle's § 2255 petition debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

## III

Accordingly, and being otherwise sufficiently advised, the Court hereby **ORDERS** that:

1. The Magistrate's Report and Recommendation [R. 55] as to Petitioner Nathan Slagle is **ADOPTED** as and for the opinion of the Court;

2. Mr. Slagle's § 2255 petition is **DENIED**;

3. A Certificate of Appealability is **DENIED**; and

4. Judgment in favor of the Respondent will be entered contemporaneously herewith, and Civil No. 16-47-GFVT-JGW will be **STRICKEN** from the Court's active docket.

This the 21st day of September, 2016.

Gregory F. Van Tatenhove
United States District Judge